132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
JUVENILE, Defendant-Appellant.
 No. 97-50243.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1997.*
Filed Dec. 8, 1997.
 
 Appeal from the United States District Court for the Southern District of California.
 Before: HALL, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barry T. Moskowitz, Magistrate Judge, Presiding
 
 
 3
 Doe appeals the district court's findings, after a bench trial, that he was guilty of juvenile delinquency pursuant to 18 U.S.C § 5032, having committed the crimes of conspiracy and possession of marijuana with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court ruled that a technical violation of 18 U.S.C. § 5033's requirement that a parent be notified of a juvenile's Miranda rights in this case did not warrant dismissal of the criminal information or suppression of the juvenile's post-Miranda statement because the technical violation did not violate Doe's due process rights or prejudice him. Doe's statutory claim based on the notification provision here presents a mixed question of law and fact of which de novo review is appropriate. See United States v. Doe, 862 F.2d 776, 779 (9th Cir.1988) (stating that "de novo review required when 'the question requires us to consider legal concepts in the mix of fact and law and to exercise judgment about the values that animate legal principles.' ") (citations omitted). We affirm.
 
 
 4
 This court follows a three step process in evaluating a § 5033 notification claim:
 
 
 5
 First, we address whether the government violated the requirements of the Juvenile Delinquency Act. If it did, we reach the second question: whether the government's conduct was so egregious as to deprive Doe of his right to due process of law. If it was not, we reach the third question: was the violation harmless to the juvenile beyond a reasonable doubt? (internal citations omitted).
 
 
 6
 United States v. Doe, 862 F.2d at 779.
 
 
 7
 As to the first prong, we have a stipulation from the government to a technical violation of § 5033.
 
 
 8
 As to the second prong, there is no due process violation. This court has stated that "[t]he Juvenile Delinquency Act was enacted to protect juveniles' due process rights but is not coextensive with constitutional guarantees." United States v. Doe, 862 F.2d at 781 (internal citations omitted). There is no denial of due process, however, where the arresting officer's failure to notify has no adverse effect on the fundamental fairness of the proceedings. United States v. Doe, 701 F.2d 819, 822 (9th Cir1983). In this case, the government twice requested and received permission from Doe's mother to question Doe, and, notified her upon taking him into custody. She was timely notified of the time and place of Doe's first court appearance. Doe himself was given, and waived, his Miranda warnings prior to the inculpatory statement at issue. The government's behavior cannot be said to be egregious. Accordingly, the failure to notify Doe's mother of Doe's Miranda rights does not constitute a due process violation.
 
 
 9
 Absent a due process violation, we move on to the third and final inquiry of whether the defendant suffered prejudice as a result of the technical violation. The district court correctly concluded that Doe was not prejudiced by the arresting officer's failing to tell his mother of his Fifth and Sixth Amendment rights because that failure did not cause Doe's confession, and there is no reason to think that even if she had been told of Doe's rights she would have gotten involved. The mother never once asked to speak to her son previously and, even if she had, she had no right to intervene and be present during the confession. In Derrick v. Peterson, 924 F.2d 813 (9th Cir.1990), we explicitly said that a juvenile's confession is not rendered involuntary because of police failure to contact relatives so that they could be present during questioning. There is no authority to support the proposition that the presence of a juvenile's relative during questioning is a necessary condition precedent to admissibility of a confession. Id. at 819.
 
 
 10
 Accordingly, the failure to notify Doe's mother of his Miranda rights was a technical violation of § 5033, but did not violate Doe's due process rights or prejudice him. The district court correctly ruled that dismissal of the criminal information or suppression of the juvenile's statement was not warranted.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3